**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-31275 |
| | § | |
| THE TURKEY LEG HUT & COMPANY, LLC | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | Subchapter V |

## UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE WITH PREJUDICE

**BLR 9013 NOTICE**: This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

All hearings before Judge Rodriguez will be held on a hybrid basis. Parties may appear either remotely, via video and telephone, or in person unless the Court orders otherwise as authorized by General Order 2021-15. For instructions on electronic participation, please see the court's web page at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Kevin M. Epstein, the United States Trustee for the Southern District of Texas, moves for an order converting this case, or in the alternative dismissing this case with prejudice to refiling for 180 days, pursuant to 11 U.S.C. § 1112(b). In support of this Motion, the U.S. Trustee would respectfully show as follows:

### JURISDICTION AND VENUE

    1.    The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

1

2. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the United States Trustee consents to entry of a final order or judgment by this Court in this matter.

3. Kevin M. Epstein is the duly appointed United States Trustee for Region 7 (the "U.S. Trustee"), which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 et seq. Specifically, the U.S. Trustee is charged with several supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

## PROCEDURAL AND FACTUAL BACKGROUND

6. The Turkey Leg Hut & Company, LLC (the "Debtor") commenced this case on March 26, 2024, (the "Petition Date") by filing a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 et seq and electing to proceed under Subchapter V.

7. The U.S. Trustee appointed Brendon Singh as the Subchapter V Trustee. [ECF 3]

8. The meeting of creditors was scheduled to be held on May 1, 2024. The Debtor appeared at the meeting, and the meeting was continued until May 17, 2024, because the Debtor's filings were incomplete and inaccurate.

9. The Debtor appeared very briefly at the May 17, 2024, meeting and dropped from the

call and did not return. The U.S. Trustee was told the Debtor was having technical difficulties. The U.S. Trustee continued the meeting until May 24, 2024.

10. The Debtor did not appear on May 24, 2024. The U.S. Trustee was told by Debtor's counsel that the Debtor's representative had a conflict. No explanation for the conflict was offered. The U.S. Trustee continued the meeting to May 30, 2024.

11. The Debtor's representative appeared on May 30, 2024, and testified but would not explain the cause of her absence at the prior meetings. The meeting was concluded on this day.

12. On May 3, 2024, the Court issued a sua sponte order expanding the duties of the Subchapter V Trustee. [ECF 65] The Order required the Subchapter V Trustee to file a report by June 3, 2024.

13. The Court also issued an Order Chapter 11 Status Conference (the "Status Conference Order"). [ECF 63]

14. Among other requirements, the Status Conference Order required the Debtor to:
   a. Provide proof of insurance on all assets to the U.S.T. listing the UST as a party of notice by May 17, 2024; [ECF 63 a.1.]
   b. File all outstanding Federal Tax Returns by May 17, 2024; [ECF 63 a.3.]
   c. Deposit $83,000 to its Counsel to be held in Counsel's IOLTA Account by May 31, 2024; [ECF 63 b.1.]
   d. Attend meetings scheduled by the court or the U.S. Trustee; [ECF 63 b.3.a.]
   e. Timely file post-petition financial and other reports. [ECF 63 b.3.c.]

15. On June 4, 2024, the day after the deadline to file the report passed, the Subchapter V Trustee moved for an extension of time to file his report. [ECF 95]

16. The Subchapter V Trustee cited cause for the extension request as that the Debtor failed

to provide complete or timely information to him. [ECF 95]

17. On June 5, 2024, the Subchapter V Trustee filed a stipulation between himself, the Debtor, and Debtor's attorney to remove the Debtor-in-Possession. (the "Stipulation") [ECF 98]

18. The Stipulation was set for hearing on June 12, 2024. The hearing was continued to June 17, 2024, and the Court signed the agreed order removing the Debtor from possession. [ECF 112]

19. On June 18, 2024, the Subchapter V Trustee filed a three-page report and recommendation for removal of the Debtor-in Possession. [ECF 113]

20. The report appeared silent on the specific elements of § 1106 (a)(3) and included no information on the cause of the disappearance of over a million dollars in trust fund taxes, payments to insiders, or an explanation of why the Debtor cannot account for its last three years of operations.

## ARGUMENT

### CAUSE EXIST TO CONVERT OR DISMISS THIS CASE

21. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court **shall** convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors and of the estate, so long as the movant establishes "cause." See 11 U.S.C. § 1112(b)(1). The appointment of a trustee or examiner under § 1104(a) is not an available option in subchapter V cases because § 1181 makes § 1104 inapplicable to subchapter V cases. *Id. See also In re M.A.R. Designs & Construction, Inc.,* 653, B.R. 843, 854 (Bankr. S.D. Tex. 2023).

22. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). See *In re Zamora-Quezada*, 622 B.R. 865, 879 (Bankr. S.D. Tex. 2017) (finding that bad-faith is a "cause"

for dismissal); *In re Irasel Sand, LLC*, 569 B.R. 433, 439 (Bankr. S.D. Tex. 2017) ("However, this list is not exhaustive' and courts should 'consider other factors as they arise.'" (citations omitted)).

### A. Cause Exists Under § 1112(b)(4)(B) to Convert or Dismiss Because Debtor Has Grossly Mismanaged the Estate.

23. A debtor-in-possession is vested with significant power under the Bankruptcy Code and that power comes with certain responsibilities. *In re Haydel Props., LP*, No. 12-50048, 2013 Bankr. LEXIS 5782, at *11-12 (Bankr. S.D. Miss. Mar. 11, 2013) (citing COLLIER ¶ 1112.04[6][b] (quoting *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 565 (Bankr. M.D. Pa. 2007)). A debtor in possession owes a fiduciary duty to its creditors. *In re Ironside, LLC*, No. 20-34222, 2022 Bankr. LEXIS 409, at *4 (Bankr. S.D. Tex. Feb. 18, 2022). Gross mismanagement is a breach of that duty. *In re Ozcelebi*, 639 B.R. 365, 388 (Bankr. S.D. Tex 2022).

24. § 1187(b) imposes certain responsibilities on subchapter V debtors. Among these requirements are attending meetings scheduled by the U.S. Trustee including initial debtor interviews and timely filing schedules and a statement of financial affairs. *See* 11 U.S.C. § 1116 (2)-(3).

25. On April 11, 2024, Debtor filed a SOFA which indicated that within the past year, no payments were made to insiders. [ECF 30 at 40 Q.30]

26. On May 17, 2024, weeks after the U.S. Trustee raised concerns about the Debtor's owner's apparent intent to pay herself a seemingly exorbitant salary in the bankruptcy case, the Debtor amended its SOFA to show that Nakia Price was paid $245,806 over the past year. [ECF 75 at 13] However, Debtor also testified at the last § 341 meeting, that her husband Lyndell Price and the Debtor's minority owner, Carl Moore, received money from the Debtor over the past year. The Debtor has made no attempt to disclose the amounts transferred to these two individuals even though it testified that

5

amounts were transferred.[1]

27. On March 28, 2024, the U.S. Trustee sent James Pope, a copy of the Initial Debtor Interview ("IDI") Checklist and scheduled the IDI for April 11, 2024, at 10:00 a.m. On April 10, 2024, the Debtor, through Mr. Pope, stated that "the Debtor is working to meet the April 11, 2024, deadline" and without an explanation for the request asked for a reset of the IDI. The U.S. Trustee appeared at the meeting as scheduled, and the Debtor did not appear.

28. On April 18, 2024, the U.S. Trustee sent the Debtor another copy of the IDI Checklist to complete and rescheduled the IDI for April 23. 2024 at 10:00 a.m.

29. The Debtor did not appear on April 23, and the U.S. Trustee rescheduled the IDI again for April 25, 2024, at 1:00 p.m. and sent another copy of the IDI checklist for the Debtor to complete.

30. The IDI was finally completed on April 25. However, the Debtor did not fulfill all of the U.S. Trustee's request including providing proof of insurance because it had none.

31. By the time the U.S. Trustee was informed that the Debtor did not have insurance, the Debtor had already sustained losses due to a post-petition fire.

32. The U.S. Trustee submits that the Debtors knowledge that its SOFA omits important information related to potential Chapter 5 causes of action and its unexplained refusal to cooperate with the U.S. Trustee's IDI process which resulted is the estate sustaining losses each constitute gross mismanagement sufficient to convert or dismiss the case.

**B. Cause Exists Under § 1112(b)(4)(C) to Convert or Dismiss Because Debtor Have Failed to Maintain Appropriate Insurance That Poses a Risk to the Estate.**

33. The failure to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause to dismiss or convert the case. § 11 U.S.C. § 1112(b)(4)(C).

---

[1] The Subchapter V Trustee's report is likewise silent on the amounts of these transfers.

34. During the pendency of this bankruptcy case, the Debtors suffered an uninsured loss due to a fire. This was not disclosed by the Debtor until minutes before the status conference, and the Subchapter V Trustee's report is silent on the extent of the damage. [ECF 62 at 4 and ECF 113]

35. In response to learning of the fire, the Court ordered the Debtor to provide proof of insurance on all assets to the U.S. Trustee by May 17, 2024. [ECF 63]

36. On May 17, 2024, Debtor provided the U.S. Trustee with a Certificate of Property Insurance. The certificate indicates that the policy became effective on May 10, 2024, and included a $100,000 limit to personal property with a $1,000 deductible.

37. The Debtor's schedules indicate that it has office furniture, fixtures, and equipment with a total net book value of $467,891. [ECF 33 at 6]

38. Net book value calculated as an asset's cost less accumulated depreciation. As such, the replacement costs of assets are typically much higher than their net book value.

39. The Debtor has suffered two uninsured fire losses within the last year. At most, it has insurance coverage for 21% of its non-vehicular personal property, but given that the calculation is based on net book value not replacement cost, the percentage of estate personal property that is insured is likely much lower.

40. The U.S. Trustee submits that the Debtors insurance coverage is not adequate and places the estate at risk of loss and is sufficient to constitute cause to convert or dismiss the case.

**C. Cause Exists Under § 1112(b)(4)(E) to Convert or Dismiss Because the Debtor Has Failed to Comply with Court Orders.**

41. Cause to convert pursuant to § 1112(b)(4)(E) exists if a debtor fails to comply with a single order; a pattern of non-compliance is not required by the statue. *In re Hoyle*, 213 Bankr. LEXIS 420, at *30–31 (Bankr. D. Ida. Jan. 17, 2013) ("Instead, '[t]he statute [§ 1112(b)(4)(E)] is written in the singular; thus failure to comply with a single order is sufficient for cause.'") (quoting *In re Bijelonic*, 2012 U.S. Dist. LEXIS 84130, at *12–13 (C.D. Cal. June 15, 2012)). § 1112(b)(4)(E) does not require a debtor's non-compliance to be willful, in bad faith, or fraudulent. *In re Ford Steel, LLC*, 629 B.R. 871 (S.D. Tex. July 21, 2021)(quoting *In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011).

42. In this case the Debtor has violated Court Orders which required the Debtor to:

    a. File all outstanding Federal Tax Returns by May 17, 2024. [ECF 63]

        i. On May 17, 2024, the Debtor, without any explanation of cause, moved for a motion for an extension of time to file its tax returns, and the request was denied by the Court. [ECF 77 and 97]

        ii. The Debtor's request for an extension of time contemplated having the returns completed by June 15, 2024. [ECF 77 ¶3] June 15, 2024, was before the Debtor was removed as debtor-in-possession, and the returns were still not completed.

    b. Deposit $83,000 to its Counsel to be held in Counsel's IOLTA Account by May 31, 2024; [ECF 63 b.1.]

        i. On June 3, 2024, the U.S. Trustee requested proof of deposit into the IOLTA account. On June 5, 2024, James Pope responded that the Debtor had only deposited $10,000. Since this date, the Debtor has paid business expenses well in excess of the remaining $73,000, so it is using the to be set aside funds for operations.

    c. Attend meetings scheduled by the court or the U.S. Trustee; [ECF 63 b.3.a.]

        i. The Debtor, without explanation, did not appear at the continued § 341 meeting on May 24, 2024. At the May 30, 2024 meeting, Mrs. Price would only say that she had a conflict.

    d. Timely file post-petition financial and other reports. [ECF 63 b.3.c.]

        i. The Debtor filed its 1st monthly operating report on May 20 nearly a month late. It filed its 2nd monthly operating report on June 7 nearly three weeks late. The Debtor files very basic small business operating reports. The forms are designed to allow debtors to quickly report on operating activity. The late filings appear consistent with the Debtor's pattern of noncompliance.

43. A single failure constitutes cause to convert or dismiss 11 U.S.C. § 1112(b)(4)(E). Here, the Debtor has missed several compliance deadlines which has left the U.S. Trustee and other parties unable to assess the Debtors' financial condition and has caused multiple continuances of the meeting of creditors. The U.S. Trustee submits that cause to convert or dismiss because of Debtor's violation of court orders.

**D. Cause Exists under § 1112(b)(4)(F) to Convert or Dismiss Because Debtor Failed to File Any of Its Monthly Operating Reports Timely.**

44. The "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" to convert or dismiss a case. See 11 U.S.C. § 1112(b)(4)(F); see also *In re Moore Const. Inc.*, 206 B.R. 436, 439 (Bankr. N.D. Tex. 1997). Debtors are required to file reports during the pendency of a Chapter 11 case. See 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a).

45. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The reports are necessary to provide financial

9

information about the debtor, and "a report filed late may be the practical equivalent of a failure to file any financial information at all." *In re Hyperion Found., Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009). A Chapter 11 debtor who fails to timely file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by" the Bankruptcy Code, which in turn constitutes "cause to convert or dismiss" the debtor's case. See 11 U.S.C. §§ 1112(b)(1) & (b)(4)(F); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements…whether based on inability to do so or otherwise, undermines the Chapter 11 process, and constitutes cause for dismissal or conversion of the Chapter 11 proceedings,") (internal quotations and citations omitted).

46. As previously discussed, the Debtor has late filed every MOR due in the case, and the Debtor's SOFA continues to have uncorrected material omissions.

47. Parties cannot adequately assess and monitor the Debtor's financial condition because it will not timely and accurately meet its reporting obligations. Thus, cause to convert or dismiss the case under § 1112(b)(4)(F) exists.

**E. Cause Exists under § 1112(b)(4)(H) to Convert or Dismiss Because Debtor Failed to Attend the U.S. Trustee's First Two Scheduled Initial Debtor Interviews**

48. Failure to provide information or attend meetings reasonably requested by the United States Trustee constitutes cause to convert or dismiss a bankruptcy case. 11 U.S.C. § 1112(b)(4)(H).

49. § 1116(2), which applies in subchapter V cases through § 1187(b), requires a corporate debtor, through its senior management personnel and counsel, to attend the U.S. Trustee's initial debtor interview.

50. As previously discussed, the Debtor failed to timely complete the U.S. Trustee's IDI checklist, provide requested compliance documentation, and attend IDIs on April 11, 2024, and April

23, 2024.

51. The meetings and information were not only reasonably requested, but they are also specifically provided for in the bankruptcy code. The Debtor provided no explanation for why it could not timely fulfill the U.S. Trustee's documentation and meeting request.

## CONCLUSION

52. Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to convert the case to Chapter 7 or to dismiss the case with prejudice to refiling for 180 days.

**WHEREFORE**, the U.S. Trustee requests that this Court enter an order under § 1112(b) converting this case to chapter 7[2], or in the alternative, dismissing this case, and for any and all further relief as is equitable and just.

Dated: June 19, 2024,   Respectfully submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN
DISTRICT OF TEXAS

By:   /s/ C. Ross Travis
C. Ross Travis
LA Bar No. 40083
515 Rusk Street, Suite 3516
Houston, Texas 77002
(713) 718-4650
(713) 718-4670 Fax
Email: C.Ross.Travis@usdoj.gov

---

[2] Conversion appears preferable to dismissal because the Debtor has admittedly transferred hundreds of thousands of dollars to two insiders for no little to no consideration in the years leading up to the bankruptcy. A Chapter 7 Trustee could investigate these transfers and recover property for the estate. Dismissal would only return a noncompliant removed-from-possession debtor to control of the company.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was set for service through BNC noticing on the parties listed on the attached mailing matrix by United States Mail, first class, postage prepaid, and by ECF transmission to those entering an electronic appearance, on June 19, 2024.

BNC Noticing will file a certificate of service in the case when the Motion is mailed, but because today is a federal holiday, processing may take a couple days. The U.S. Trustee will provide notice of any hearing set on this motion.

*/s/ C. Ross Travis*
C. Ross Travis

**U.S. First Class Mail**

See attached mailing matrix.

**ECF**
Parties entering an appearance in the case.