UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| THE TURKEY LEG HUT & COMPANY LLC, ) | Case No. 24-31275 |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |
| ) | |

**US FOODS, INC.'S MOTION FOR ACCOUNTING OF PACA TRUST FUNDS HELD IN IOLTA ACCOUNT AND FOR ORDER DIRECTING DEBTOR'S COUNSEL TO TURN OVER PACA TRUST FUNDS HELD IN IOLTA ACCOUNT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

US Foods, Inc. ("US Foods"), by and through its undersigned counsel, hereby moves (the "Motion") for the entry of an order, pursuant to sections 105 and 541(d) of Title 11 of the United States Code (the "Bankruptcy Code"), (i) requiring counsel for the above-captioned debtor and debtor-in-possession (the "Debtor") to provide an accounting of the funds transferred to counsel's IOLTA Account for US Foods' undisputed claim arising under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"), and (ii) directing the Debtor's counsel to turn over to US Foods the PACA Trust Funds held in counsel's IOLTA account.  In support of the Motion, US Foods states as follows:

**BACKGROUND**

**I.      Debtor's Pre-Petition Business Operations and Customer Agreement with US Foods**

1.      Since 2015, the Debtor has operated a restaurant by the name of Turkey Leg Hut in Houston, Texas.

2.      On or around September 17, 2020, the Debtor executed that certain Customer Account Application (the "Customer Agreement"), pursuant to which US Foods agreed to supply the Debtor with perishable agricultural commodities ("Produce"), other non-Produce foods, and food-related products and services in exchange for timely payment of invoices. On or around September 13, 2020, the Debtor entered into that certain Master Distribution Agreement with US Foods (the "MDA"). The MDA expressly incorporates the Customer Agreement.

3.      To secure the Debtor's full and timely payment to US Foods of "all now existing and later arising amounts due [US Foods]," the Debtor granted US Foods a security interest, through the Customer Agreement, in all of the Debtor's personal property, both now owned or at any time in the future acquired and wherever located, including, but not limited to accounts, goods, inventory, equipment, fixtures and vehicles, together with the proceeds and products of any of them (collectively, the "Collateral").

4.      On November 11, 2020, US Foods filed that certain UCC Financing Statement, file number 00200056744967, with the Texas Secretary of State, thereby perfecting US Foods' security interest in the Collateral (the "UCC Financing Statement").

5.      In accordance with the terms of the Customer Agreement and MDA, US Foods supplied the Debtor with Produce, other non-PACA foods, and food-related products and services by shipping to various locations, as directed by the Debtor.

6.      US Foods terminated the MDA and Customer Agreement for breach and non-payment on or around September 19, 2022. On or around December 2, 2022, US Foods filed a

2

Complaint against the Debtor in the United States District Court for the Northern District of Illinois, thereby initiating the case styled *US Foods, Inc. v. The Turkey Leg Hut & Company LLC, et al.*, Case No. 22-cv-06759 (the "District Court Case"). The District Court Case was stayed with respect to the Debtor by the filing of this bankruptcy case.

**II.     Debtor's Bankruptcy Case and US Foods' Proof of Claim**

7.     On March 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code.

8.     On May 2, 2024, US Foods filed its proof of claim, Claim No. 6-1 (the "Claim"), against the Debtor's estate asserting a secured claim in the amount of $996,485.84, plus interest in the amount of $261,577.53. A true and correct copy of US Foods' Claim is attached hereto as **Exhibit A**. The basis for US Foods' Claim is unpaid amounts owed for Produce, other non-Produce foods, and food-related products and services provided by US Foods to the Debtor prior to the Petition Date.

9.     As part of its Claim, US Foods asserts a right to payment of $82,548.07, which amount is comprised of unpaid invoices for Produce sold to the Debtor pre-petition, and which is entitled to the protections of PACA. A summary of the unpaid invoices and amounts of Produce sold to the Debtor is attached to the Claim.

10.     On May 3, 2024, following the initial status conference in the above-captioned case, this Court entered an order (the "May 3, 2024 Order"), directing, in pertinent part, that "[n]ot later than May 31, 2024, Debtor must transfer $83,000.00 to its Counsel to be held in Debtor's IOLTA Account (separately) to provide for the U.S. Foods PACA Claim pending further order of the Court." [Dkt. No. 63.] A true and correct copy of the May 3, 2024 Order is attached hereto as **Exhibit B**.

3

11. On June 5, 2024, in response to inquiries from the U.S. Trustee and US Foods' counsel for updates on the Debtor's compliance with the May 3, 2024 Order, the Debtor's counsel informed the U.S. Trustee and US Foods' counsel that the Debtor had deposited two payments of $5,000.00 into the IOLTA Account. *See* June 5, 2024 Email, attached hereto as **Exhibit C**.

12. Based on conversations with Debtor's counsel, US Foods believes that a third payment of $5,000.00 may have also been deposited into the IOLTA Account at a later date. However, as of the date of this Motion, to US Foods' knowledge, the Debtor has not transferred the full $83,000.00 to the IOLTA Account as ordered by this Court.

## RELIEF REQUESTED

13. By this Motion, US Foods requests the entry of an order (i) requiring the Debtor's counsel to provide an accounting of the PACA trust funds transferred to the IOLTA Account pursuant to the May 3, 2024 Order, and (ii) directing the Debtor's counsel to pay those funds to US Foods.

14. PACA requires the Debtor to hold in trust as a fiduciary its Produce-related assets, which includes the Produce itself, products derived therefrom, as well as any receivables or proceeds from the sale thereof, until full payment of the amount of the PACA Claim. *See* 7 U.S.C. § 499e(c)(2). Here, it is undisputed that US Foods holds a PACA Claim in the amount of $82,548.07, which is entitled to the protections of a PACA trust. This Court ordered the Debtor to transfer $83,000.00 to its counsel's IOLTA Account by May 31, 2024 to provide for U.S. Foods's PACA Claim. *See* May 3, 2024 Order. However, upon information and belief, as of the date of this Motion, less than $15,000 has been transferred to counsel's IOLTA Account to provide for U.S. Foods's PACA Claim. US Foods respectfully submits that an accounting is necessary and appropriate in order for the parties to determine the amount of funds transferred to Debtor's counsel's IOLTA Account in accordance with the May 3, 2024 Order.

15. PACA trust assets, including those trust funds held in the IOLTA Account, are not property of the Debtor's estate. *See In re Delta Produce, LP*, 2014 WL 4443414, at *2 (W.D. Tex. Sept. 9, 2014) ("[I]f the debtor files for bankruptcy, the PACA trust assets are excluded from the bankruptcy estate."); *see also Ruby Robinson Co., Inc. v. Herr*, 453 F. App'x 463, 465 (5th Cir. 2011) ("Ordinary principles of trust law apply to trusts created under PACA, so that for instance the trust assets are excluded from the estate should the dealer go bankrupt." (*quoting Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997))). US Foods is therefore entitled to seek immediate payment of its PACA Claim. *See In re Fresh Approach, Inc.*, 51 B.R. 412, 421-22 (Bankr. N.D. Tex. 1985) ("The Court is of the opinion that [creditor] is within its rights in demanding immediate payment [of PACA trust funds.]"). Accordingly, US Foods requests that this Court direct the Debtor's counsel to immediately pay US Foods the amounts held in the IOLTA Account in partial satisfaction of US Foods' PACA Claim.

## **CONCLUSION**

WHEREFORE, US Foods, Inc. respectfully requests that this Court enter an order: (i) granting the Motion; (ii) directing Debtor's counsel to provide an accounting of the PACA trust funds held in counsel's IOLTA Account pursuant to the May 3, 2024 Order; (iii) directing the Debtor's counsel to transfer the PACA trust funds held in the IOLTA Account to US Foods in partial satisfaction of US Foods' PACA Claim; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: September 16, 2024          **COZEN O'CONNOR**

<u>*/s/ Brian L. Shaw*</u>
Frederick E. Schmidt, Jr.
Texas Bar No. 24122367
S.D. Texas I.D. No. 3401918
1221 McKinney Street
Suite 2900
Houston, TX 77010
Tel: 832-214-3900
eschmidt@cozen.com

Brian L. Shaw (admitted pro hac vice)
Christina M. Sanfelippo (admitted pro hac vice)
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
Tel: 312-382-3100
bshaw@cozen.com
csanfelippo@cozen.com

*Counsel for US Foods, Inc.*

**CERTIFICATE OF SERVICE**

  I, Brian L. Shaw, hereby certify that on September 16, 2024, I caused the foregoing pleading to be electronically filed using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties entitled to receive electronic notice in this case under the Court's CM/ECF system.

Dated:  September 16, 2024

/s/ Brian L. Shaw
Brian L. Shaw
COZEN O'CONNOR
123 N Wacker Drive, Ste. 1800
Chicago, Illinois 60606
Tel: (312) 382-3100
bshaw@cozen.com

*Counsel for US Foods, Inc.*